IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **STEPHANIE ARBLE** <br> 863 Sarcee Ave <br> Akron, Ohio 44305 <br><br> on their behalf and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **DOMINION ENERGY SERVICES, INC** <br> **d/b/a DOMINION ENERGY OHIO** <br> 2100 Eastwood Ave <br> Akron, OH 44305 <br><br> Defendant. | CASE NO. 5:24-cv-747 <br><br> JUDGE <br><br> **Jury Endorsement Contained Hereon** |

## COMPLAINT

NOW COMES Plaintiff Stephanie Arble ("Plaintiff"), on behalf of herself and others similarly situated, and proffers this Complaint for damages against Defendant Dominion Energy ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio and performed her job duties there and Defendant is doing and has done substantial business in the Northern District of Ohio.

## THE PARTIES

4. Plaintiff Stephanie Arble is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Arble resides in Summit County, Ohio.

5. Defendant Dominion Energy is a foreign corporation registered to do business in Ohio and conducts business in the Northern District of Ohio.

## WAGE AND OVERTIME

6. At all times relevant herein, Plaintiff was an employee of Defendant as defined in the FLSA.

7. At all relevant times herein, Plaintiff was an hourly, non-exempt employee of Defendant as defined in the FLSA.

8. Plaintiff brings this action on her own behalf and on behalf of those similarly situated and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

9. At all times relevant herein, Defendant Dominion Energy was considered a covered "employer" as that term is defined by the FLSA.

10. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings Count I of this action on her own behalf pursuant to 29 U.S.C. 216(b), and on behalf of all other similarly situated who have been, are being, or will be adversely affected by Defendant's conduct.

12. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All current and former hourly employees and those working in call center positions who were required to log on to and boot up Defendant's systems and applications prior to the start of their shifts that were employed by Defendant at any time in the period measured from three years prior to the filing of this Complaint to the present who did not receive any compensation for hours worked over 40 hours in a workweek or overtime payment at a rate of one and one-half times their Regular Rate of Pay for all hours worked in a workweek in excess of 40 (hereinafter referred to as "SSPs" or "similarly-situated employees").

13. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

14. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and(b)(3) on behalf of herself and all other members of the class (the "Ohio Class") defined as:

> All current and former hourly employees and those working in call center positions who were required to log on to and boot up Defendant's systems and applications prior to the start of their shifts that were employed by Defendant at any time in the period measured from three years prior to the filing of this Complaint to the present who did not receive any compensation for hours worked over 40 hours in a workweek or overtime payment at a rate of one and one-half times their Regular Rate of Pay for all hours worked in a workweek in excess of 40 (hereinafter referred to as "SSPs" or "similarly-situated employees").

16. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, aver that it consists of more than 40 people.

17. There are questions of law or fact common to the Ohio Class, including but not limited to, the following:

   (a) Whether Defendant's failure to pay the Ohio Class for all time spent working resulted in the Ohio Class not receiving overtime pay for all hours worked over 40 hours in a workweek at a rate of one and one-half times their regular rate of pay violated O.R.C. 4111.03; and

   (b) What amount of monetary relief will compensate Plaintiff Stephanie Arble and other members of the Ohio Class for Defendant's violation of O.R.C. 4111.03 and 4111.10.

18. Plaintiff will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

19. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## FACTUAL BACKGROUND RELEVANT TO ALL CLAIMS

21. Defendant Dominion Energy is an energy provider with locations throughout the United States, including Akron, Ohio.

22. At all times relevant herein, Plaintiff was a Customer Relations Representative.

23. Plaintiff began working for Defendant on or around April 1, 2008.

24. At all relevant times herein, Plaintiff and similarly-situated employees were scheduled to work five days a week for eight hours a day.

25. At all times relevant herein, all similarly-situated employees, including Plaintiff, were paid on an hourly basis and non-exempt employees.

26. Plaintiff's job duties included assisting customers and clients over the phone, coordinating work with Field Operations, Construction and Maintenance and the Ohio Construction Support Team, and assisting with operational procedures.

27. As part of her job duties, Plaintiff and all other similarly-situated employees were required to log on to multiple Dominion Energy applications and systems.

28. These systems routinely required updates before Plaintiff could access them.

29. As part of her job duties, Plaintiff and all similar similarly-situated employees were required to verify their identity with Defendant's headquarters in Virginia before beginning their other job duties for the day.

30. The pre-shift job duties required in Paragraphs 27–29 above took between 10-40 minutes to complete per day.

31. On average, Plaintiff spent 20 minutes per day completing the pre-shift job duties described in Paragraphs 27–29 above.

32. Upon information and belief, other similarly-situated employees spent a similar amount of time completing the pre-shift job duties described in Paragraphs 27–29 above.

33. Plaintiff was expected to begin taking calls with clients and customers starting exactly at 9:00 a.m.

34. Because of that, Plaintiff needed to begin her pre-shift work at about 8:40 a.m. to be ready to take calls starting at 9:00 a.m. each day.

35. Other similarly-situated employees were also subject to the factual allegations alleged in Paragraphs 33 and 34, but relevant and applicable to their respective shift start times.

36. Plaintiff and other similarly-situated employees were required to perform unpaid work before clocking in each day.

37. Defendant failed to count this pre-shift work performed by Plaintiff and other similarly-situated employees as "hours worked" for purposes of computing overtime.

6

38. Plaintiff and other similarly-situated employees were required to perform this unpaid work every day, and it constituted a part of their fixed and regular working time.

39. There was no practical administrative difficulty in recording this unpaid work of Plaintiff and other similarly-situated employees. The unpaid time could have been precisely recorded for payroll purposes simply by allowing employees to clock in before they began booting up Defendant's computer systems and applications.

40. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

41. Moreover, this unpaid work was an integral and indispensable part of the principal activities performed by Plaintiff and other similarly-situated employees. Specifically, they cannot perform their work without booting up and starting Defendant's computer systems and applications.

42. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated employees for booting up and logging into Defendant's computer systems and applications during which they performed work that managers and other agents and representatives observed.

43. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other Similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

44. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

45. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and similarly-situated employees before clocking in each day.

46. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work before clocking in was approximately 20 minutes or more each day.

## FIRST CAUSE OF ACTION
### (FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime)

47. All of the preceding paragraphs are realleged as if fully rewritten herein.

48. Plaintiff brings Count One of the action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

49. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

50. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

51. Defendant's failure to keep records of all of the hours worked each workday and total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 C.F.R. 516.2(a)(7).

52. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and recklessly violated the provisions of the FLSA.

53. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### (Class Action, Violations of Ohio Revised Code 4111.03)

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. Defendant is an "employer" within the meaning of O.R.C. § 4111.03(D)(2).

56. Named Plaintiff and other members of the Ohio Class are "employees" within the meaning of O.R.C. § 4111.03(D)(3).

57. Defendant's practice of not paying Plaintiff and similarly-situated employees for all hours worked in excess of 40 in a workweek resulted in unpaid overtime, as fully described herein, and is a violation of the OMFWSA and O.R.C. § 4111.03.

58. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Court:

    A.    Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

    B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    C.    Award Plaintiff and the class she represents actual damages for unpaid overtime compensation;

    D.    Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the classes;

    E.    Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

  F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and,

  G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
(Rachel@TFFLegal.com)
Dominick A. Kocak (0102165)
(Dominick@TFFLegal.com)
**The Friedmann Firm LLC**
3740 Ridge Mill Drive
Hilliard, OH 43026
614-610-9756 (Phone)
614-737-9812 (Fax)

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Rachel Sabo Friedmann, Esq.*
Rachel Sabo Friedmann (0089226)