PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE ARBLE, ) | |
| ) | CASE NO. 5:24-CV-00747 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| THE EAST OHIO GAS CO. *d/b/a* ) | |
| DOMINION ENERGY OHIO, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | [Resolving ECF Nos. 20, 23, 31] |

Pending is Plaintiff's Motion for Leave to Amend Complaint to Add Party. ECF No. 20. Defendant responded in opposition. ECF No. 22. Plaintiff replied. ECF No. 30. The Court has been advised, having reviewed the record, the parties' briefs, and applicable law. For the reasons below, Plaintiff's motion for leave to amend is granted.

Also pending is Plaintiff's Motion for Court-Facilitated Notice to Opt-In Plaintiffs. ECF No. 23. Defendant responded in opposition. ECF No. 25. Plaintiff replied. ECF No. 27. For the reasons below, the motion is denied as moot. Plaintiff shall file an amended Court-Facilitated Notice and, after consultation with counsel for Defendants, file a jointly proposed enlarged case management schedule on or before July 18, 2025.

Finally, pending is the parties' Joint Motion to Hold Discovery in Abeyance, and Motion for Status Conference. ECF No. 31. For the reasons below, the motion is granted in part and denied in part.

(5:24CV747)

## I.     Legal Standard

Fed. R. Civ. P. 15(a)(2) mandates that leave to amend shall be freely given "when justice so requires." As stated by the Supreme Court:

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc,—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Greer v. Strange Honey Farm*, 114 F.4th 605, 617 (6th Cir. 2024). Rule 15(a) makes clear that the court has discretion when deciding whether to permit amendments. *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 837 (6th Cir. 2015) ("Decisions as to when justice requires amendments are left to the sound discretion of the trial judge.").

Fed. R. Civ. P. 16(b)(4) states "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). When reviewing a district court's decision to modify the scheduling order, the Sixth Circuit measures "good cause" by, primarily, the "moving party's diligence in attempting to meet the case management order's requirements" but also considers the "prejudice to the party opposing the modification" as "relevant." *See In re Onglyza & Kombiglyze*, 93 F.4th 339, 349 (6th Cir. 2024) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 453, 471 (6th Cir. 2002)). Good cause can be demonstrated "by showing that despite [the movant's] diligence, they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). There is not such diligence when the movant "[was] aware of the 'underlying facts' and the varying types of relief available" and yet "failed to pursue the claim until after it was brought to their attention." *Id.* at 908.

2

(5:24CV747)

## II. Analysis

Plaintiff requests leave to file a Second Amended Complaint to add a party. *See* Mot. for Leave to Amend, ECF No. 20 at PageID #: 122. Plaintiff explains the First Amended Complaint was a result of communication with Defendant in which it was represented that the "wrong" defendant had been named. ECF No. 20 at PageID ##: 123–24. *See also* Exhibit Email Correspondence, ECF No. 20-1. Plaintiff argues that supplemental discovery has caused her to believe Dominion Energy Inc., the proposed additional party, might be an employer—joint or single—of Plaintiff and those similarly situated. ECF No. 20 at PageID #: 124. Plaintiff argues that this is new information acquired two weeks before the filing of the instant motion and there is no undue delay or prejudice. ECF No. 20 at PageID ##: 126–27.

Defendant retorts that Plaintiff's motion is unduly prejudicial to Defendant and that Plaintiff must demonstrate good cause which she has failed to do. *See* Brief in Opp., ECF No. 22 at PageID #: 164. Specifically, Defendant argues that Plaintiff intends to use the amendment to expand the putative collective employees to include those outside of Ohio which will be highly prejudicial because the Court has made clear that it would not further enlarge the case schedule, and parties have not had reason to conduct multi-state discovery. ECF No. 22 at PageID #: 164. Defendant also argues that the amendment would "essentially 're-start' pre-notice discovery and extend later deadlines by significant amounts of time" which will place "an unwarranted burden on the court." ECF No. 22 at PageID #: 164 (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Defendant also argues that Plaintiff's alleged new information is underlying facts already known or discoverable to Plaintiff before the filing of the lawsuit. ECF No. 22 at PageID #: 169.

Despite Defendant's protestations, Plaintiff has demonstrated good cause to amend her Complaint. Importantly, Plaintiff provides that Defendant represented to Plaintiff that Dominion

3

(5:24CV747)

Energy Services, Inc. was not the correct defendant and Plaintiff had no reason to doubt Defendant's representation. ECF No. 20 at PageID #: 123–24. *See also* Exhibit Email Correspondence, ECF No. 20-1. It now appears, however, that Defendant may have inadvertently discouraged Plaintiff from suing the "correct" defendants in this matter.

Plaintiff should be given the opportunity to determine the correct defendant(s) for her case and the putative class. And, ultimately, the amendment will not be prejudicial if the schedule is amended, albeit only slightly.

## II.     Conclusion

The Court finds Plaintiff demonstrated good cause to amend and that Defendant will not be prejudiced, given the Court's intention to slightly amend the case management schedule. Accordingly, Plaintiff's Motion for Leave to Amend Complaint (ECF No. 20) is granted. Plaintiff shall file her Second Amended Complaint forthwith.

Plaintiff's Motion for Court-Facilitated Notice (ECF No. 23) is denied as moot. Plaintiff shall file an amended Court-Facilitated Notice and, after consultation with counsel for Defendants', file a jointly proposed enlarged case management schedule on or before July 18, 2025.

After reviewing the parties' submissions, the Court will determine whether a status conference is necessary. The Court does, however, grant a limited stay, until July 24, 2025. Therefore, parties' Joint Motion to Hold Discovery in Abeyance and Motion for Status Conference (ECF No. 31) is granted in part and denied in part.

IT IS SO ORDERED.

| July 3, 2025 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

4