IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE ARBLE, | ) | CASE NO.: 5:24-cv-00747 |
| | ) | |
| Plaintiff, | ) | JUDGE: BENITA Y. PEARSON |
| | ) | |
| -v- | ) | **DEFENDANTS' BRIEF IN** |
| | ) | **OPPOSITION TO PLAINTIFF'S** |
| EAST OHIO GAS COMPANY d/b/a | ) | **MOTION FOR COURT-** |
| DOMINION ENERGY OHIO, *et al.* | ) | **FACILITATED NOTICE TO** |
| | ) | **POTENTIAL OPT-IN PLAINTIFFS** |
| Defendants. | ) | **PURSUANT TO 29 U.S.C. § 216(b)** |

Defendant East Ohio Gas Company d/b/a Dominion Energy Ohio ("DEO") and Dominion Energy, Inc. ("Dominion") (collectively, "Defendants") respectfully submit this Brief in Opposition to Plaintiff Stephanie Arble's ("Arble") Motion for Court-Facilitated Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. §216(b) ("Motion").

Respectfully submitted,

*/s/ Samuel H. Ottinger*
Rebecca J. Bennett (0069566)
Samuel H. Ottinger (0099034)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)
rebecca.bennett@ogletree.com
samuel.ottinger@ogletree.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................... 1

II. Procedural and Factual Background ................................................................................... 4

III. Legal Standard ..................................................................................................................... 6

IV. Legal Argument ................................................................................................................... 8

    *a.* *The Court should reject Plaintiffs' form declarations because they are not supported by any record evidence and provide only a recitation of the conclusory allegations in the Complaint.* ................................................................................................................... 8

    *b.* *Dominion's "Employee Expectations" policy is not unlawful and provides no support Plaintiffs are similarly situated to other call center workers.* ........................................ 11

    *c.* *Jordan's isolated comment to Plaintiff Arble during an unrelated employee investigative interview is inconsequential.* ....................................................................................... 12

V. Conclusion .......................................................................................................................... 13

CERTIFICATE OF SERVICE ................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cason v. Vibra Healthcare*,
  No. 10-10642, 2011 WL 1659381 (E.D. Mich. May 3, 2011) ................................................11

*Clark v. A&L Homecare & Training Ctr., LLC*,
  68 F.4th 1003 (6th Cir. 2023) ........................................................................................ *passim*

*Harrison v. McDonald's Corp.*,
  411 F. Supp. 2d 862 (S.D. Ohio 2002) ..............................................................................10, 12

*Hoffman-La Roche Inc. v. Sperling*,
  493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).............................................................6

*Hutt v. Greenix Pest Control, LLC*,
  No. 2:20-CV-1108, 2023 WL 5670691 (S.D. Ohio July 12, 2023)........................................12

*Landsberg v. Acton Enters., Inc.*,
  No. C2-05-500, 2006 WL 3742221 (S.D. Ohio Dec. 15, 2006).............................................12

*O'Brien v. Ed Donnelly Enterprises, Inc.*,
  575 F.3d 567 (6th Cir. 2009) .................................................................................................11

*O'Neal v. Emery Fed. Credit Union*,
  No. 1:13-CV-22, 2013, WL 4013167 (S.D. Ohio Aug. 6, 2013) ...........................................10

*Rashad v. Mason's Pro. Cleaning Serv., LLC*,
  No. 2:22-CV-02635, 2023 WL 5154534 (W.D. Tenn. Aug. 10, 2023)................................8, 9

*Swales v. KLLM Transport Servs., LLC*,
  985 F.3d 430 (5th Cir. 2021) ...................................................................................................7

*Swinney v. Amcomm Telecommunications, Inc.*,
  No. 12-12925, 2013 WL 28063 (W.D. Mich., Jan. 2, 2013) ..................................................10

*Williams v. Premium Velocity Auto, LLC*,
  No. 3:23-CV-00901, 2025 WL 465311 (M.D. Tenn. Feb. 11, 2025).....................................10

**Statutes**

Americans with Disabilities Act ......................................................................................................2

Fair Labor Standards Act ...................................................................................................... *passim*

Fair Labor Standards Act, 29 U.S.C. §201, *et seq*..........................................................................5

Fair Labor Standards Act, 29 U.S.C. § 216(b)..............................................................................6, 12

Ohio Rev. Code Ann. § 4111.10(C) ...........................................................................................5, 7

Ohio Revised Code 4111.03 ............................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 23..........................................................................................................................5, 7

Fed. R. Civ. P. 801(c) .....................................................................................................................12

Senate Bill 47....................................................................................................................................7

**BRIEF IN OPPOSITION**

I. **Introduction**

The Court should deny Plaintiffs'[1] Motion for several separate and distinct reasons. First, Plaintiffs' form declarations are precisely the type of evidence that courts in the Sixth Circuit have held do not meet the heightened standard for certification under *Clark v. A&L Homecare & Training Ctr., LLC*. Arguably, they do not even meet the more lenient similarly situated standard prior to the Sixth Circuit's decision in *Clark* because they provide nothing more than conclusory and vague allegations of Plaintiffs' purported knowledge of "other call center workers" without providing any specific detail or foundational basis for such knowledge. For example, Paragraph 16 of all three form declarations vaguely states that "other call center workers and I were not paid for the time we spent logging in and booting up our required systems, nor was that time counted towards our total hours worked." (*See* Paragraph 16 of the Declarations of Arble, Beckler, and Grossholz, ECF 34-6,7, and 8, PageID #s 346, 349, and 352). Plaintiffs, however, failed to:

- Provide the names of any of the alleged "other call center workers" whom Plaintiffs purportedly have knowledge of;

- Provide dates on which they observed "other call center workers" allegedly working off the clock;

- Provide the basis for their knowledge that this time was not counted towards the "total hours worked" for the "other call center workers";

- Identify the "required systems" they were allegedly required to log into before their shift started;

- Explain how Dominion's "Employee Expectations" policy is unlawful and/or unlawfully applied to those they seek to send notice to;

---

[1] Plaintiff Stephanie Arble and Opt-In Plaintiffs Cynthia Beckler and Kristi Grossholz are collectively referred to herein as "Plaintiffs". Defendants' reference to Arble, Beckler, and Grossholz as Plaintiffs throughout this brief is for uniformity purposes only and should not be construed as an admission to opt-ins party status.

1

- Address the fact[2] that they worked from home for much of the relevant time period and, thus, could not have personally observed "other call centers workers"; and

- Identify any locations outside of Ohio at which the alleged misconduct occurred or explain the basis for their knowledge of what call centers did who they never worked with and could not have possible observed.

Plaintiffs' form declarations merely recite the conclusory allegations in their Complaint and provide no further detail for the Court to consider. (*Compare, id.* to Paragraphs 37 and 38 of the Amended Complaint "Plaintiffs and other similarly-situated employees were required to perform unpaid work before clocking in each day and Defendant East Ohio Gas Company failed to count this pre-shift work...as 'hours worked' for purposes of computing overtime." ECF 33, PageID #291).

Under *Clark*, Plaintiffs must demonstrate more by way of record evidence in order to certify a class and send court-facilitated notice. Specifically, plaintiffs are required to show a "strong likelihood" that they are similarly situated to potential opt-ins with a showing "greater than the one necessary to create a genuine issue of material fact, but less than the one necessary to show a preponderance." *See Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1010 (6th Cir. 2023). As further detailed below, Plaintiffs' form declarations lack sufficient specificity and foundational knowledge for purposes of meeting the similarly situated standard under *Clark*.

Second, Plaintiffs assert, in conclusory fashion, that "all call center workers were subjected to Defendants' unlawful pay policy." (ECF 34, Page ID# 305). As support, Plaintiffs rely on Dominion's "Employee Expectations" policy, which merely requires that employees "arrive [to work] on time and [be] available to start work at the beginning of their shift." (ECF 34-1, PageID#

---

[2] Plaintiff Arble filed a separate action against Defendant East Ohio Gas Company (Northern District of Ohio Case No. 5:24-cv-01965) in which she alleged, among other things, that Defendant violated the Americans with Disabilities Act by failing to allow her to continue to work from home. *Id*. at ECF 1, PageID #s 1-4. Thus, it is unclear how she could have personally observed what other call center workers were doing prior to the start of their shift while Plaintiff Arble was working from home.

2

314). Plaintiffs do not even attempt to explain how this policy is "unlawful" on its face such that it could serve as evidence that Plaintiffs are similarly situated to "other call center workers" and do not address the "Employee Expectations" policy in their form declarations. A cursory review of the policy confirms there is no rational or legal basis to conclude Dominion's "Employee Expectations" policy supports Plaintiffs' contention that they and "other call center workers" across the country suffered from a single, *FLSA-violating* policy. The policy, on its face, complies with the FLSA; it does not violate it.

Third, Plaintiffs boldly seek to send a notice to a nationwide collective even though they all worked in Ohio and have provided *zero evidence*, let alone evidence sufficient to establish a "strong likelihood", that they are similarly situated to call center employees outside of Ohio. Even if Plaintiffs did provide evidence of an "FLSA-violating" policy, which Defendants deny, Plaintiffs have not made any effort to explain how call center workers outside of Ohio were similarly situated. Indeed, Plaintiffs have not even identified the locations at which call center workers worked outside of Ohio. Although Defendants contend Plaintiffs cannot meet the *Clark* standard with respect to Ohio employees, they certainly fall far short of meeting the "strong likelihood" standard for purposes of sending notice to a nationwide collective of unidentified call center workers.

Finally, Plaintiffs make much of a single ambiguous verbal hearsay statement Senior Human Resources Specialist Kathy Jordan made to Plaintiff Arble (and no one else) during an investigative interview that had nothing to do with alleged wage and hour violations. Rather, Jordan interviewed Plaintiff Arble and others for suspected abuse of Defendants' leave of absence policies. At the time, Jordan had been employed by Dominion Energy, Inc. for approximately 46 months and was not responsible for the log in or out policies or practices of DEO's Customer Service Representatives. Nonetheless, she specifically told Plaintiff Arble during the interview that "*you're not working during your start time or before your start time – you shouldn't be*."

3

Thus, Jordan told Arble she should not be working prior to shift. Arble's attempts to twist Jordan's words do not establish a "strong likelihood" that Plaintiffs are similarly situated to other call centers workers by a showing greater than one necessary to create a genuine issue of material fact. Further, even if the Court were to credit Jordan's statements to Plaintiff Arble, there is no corroborating evidence that Jordan made this statement to other putative collective members, which is necessary to meet the similarly situated standard. In other words, Jordan's isolated comment to Arble (and only Arble) does nothing to establish that the putative collective is similarly situated.

For the foregoing reasons and as further detailed below, Defendants respectfully request the Court deny Plaintiffs' Motion.

## II. Procedural and Factual Background

Plaintiff Arble filed her initial Complaint on April 26, 2024 against Dominion Energy Services, Inc. d/b/a Dominion Energy Ohio. (ECF 1). On June 4, 2024, Plaintiff Arble filed her First Amended Complaint against The East Ohio Gas Company d/b/a Dominion Energy Ohio asserting substantially the same factual and legal allegations. (ECF 17). Plaintiffs Cynthia Beckler and Kristi Grossholz later opted into Plaintiff Arble's lawsuit. (*See* ECF Nos. 5 and 19).

On July 3, 2025, the Court granted Plaintiff's Motion for Leave to Amend her First Amended Complaint and add Dominion Energy, Inc. as a defendant. (ECF 32). Other than adding a defendant, the substantive factual allegations in Plaintiffs' Second Amended Complaint ("Complaint") remained unaltered.

In sum, Plaintiffs allege in their Complaint that they spent "on average" 20 minutes per day completing pre-shift job duties such as logging into "multiple Dominion Energy applications and systems". (*See* ECF 33, PageID# 290). Plaintiffs provide no detail in their Complaint (or their

4

Motion) regarding what applications they had to log into or what policy or practice required them to do so before the start of their shift. Plaintiffs also do not address the fact that several call center workers worked from home during the relevant time period, completely undermining their representations that they personally observed "other call center workers" logging onto their computers.

Despite the foregoing, Plaintiffs assert a cause of action for a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., for alleged failure to pay overtime and a second cause of action for a class action under Ohio Revised Code 4111.03. (*Id*. at PageID#'s 292-93). In their Motion, Plaintiffs seek to send notice to "Plaintiff's proposed FLSA class", even though there is no class action mechanism under the FLSA. (*See* ECF 34, PageID# 295). Plaintiffs do not address the proposed "Ohio Class" because Ohio law no longer permits a "hybrid" wage and hour collective and class action claim, by which a Plaintiffs could pursue the very same wage and hour claims under state and federal law as both a collective action (opt-in) under the FLSA and class action (opt-out) under Fed. R. Civ. P. 23. *See* Ohio Rev. Code Ann. § 4111.10(C).[3]

Therefore, the only issue before the Court is whether Plaintiffs have met the heightened Sixth Circuit standard for sending notice to the putative collective of:

> All current and former hourly employees and those working in call center positions who were required to log on to and boot up Defendant's systems and applications prior to the start of their shifts that were employed by Defendant at any time in the period measured from three years prior to the filing of the Complaint to the present who did not receive any compensation for hours worked over 40 hours in a workweek or overtime payment at a rate of one and one-half times their Regular Rate of Pay for all hours worked in a workweek in excess of 40 (hereinafter referred to as "SSPs" or "similarly-situated employees")

---

[3] Under Ohio Rev. Code Ann. § 4111.10(C), "[n]o employee shall join as a party plaintiff in any civil action that is brought under this section by an employee, person acting on behalf of an employee, or person acting on behalf of all similarly situated employees unless that employee first gives written consent to become such a party plaintiff and that consent is filed with the court in which the action is brought." *Id*.

5

As demonstrated below, Plaintiffs' Motion arguably fails even under the lenient pre-*Clark* standard. In any event, applying *Clark*, Plaintiffs have not established by way of record evidence beyond that required to create a genuine issue of material fact that they are similarly situated to "other call center workers" for purposes of sending notice.

### III.    Legal Standard

Under the FLSA, employees may bring suit for violations of the statute on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). Potential plaintiffs are permitted to join the suit if they "give [their] consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*.

In May 2023, the Sixth Circuit rejected the "lenient" or "modest factual showing" standard that had previously been required to prompt court-approved notice to members of a proposed collective. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1010 (6th Cir. 2023). Instead, the Court adopted a stricter standard, requiring FLSA plaintiffs to establish a "strong likelihood" that the plaintiff is similarly situated to potential opt-ins. *Id*. at 1011. This requires a FLSA plaintiff to show that she is similarly situated to his proposed collective members with a showing "greater than the one necessary to create a genuine issue of material fact, but less than the one necessary to show a preponderance." *Id*.

This heightened standard is intended to avoid a former employee soliciting new but unrelated claims against her employer or former employer, and it is derived from Supreme Court precedent encouraging judicial restraint in overseeing a notice-giving process. *Id*. at 1010. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) ("In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of

6

judicial endorsement of the merits of the action."). It is also consistent with the text-based rationale for adopting a heightened notice standard in FLSA cases expressed by the Fifth Circuit in *Swales v. KLLM Transport Servs., LLC*, 985 F.3d 430, 434 (5th Cir. 2021). *Swales* embraced two interpretive principles when it arrived at its "rigorous scrutiny" standard for court-approved notice in a FLSA action:

> (1) the FLSA's text, specifically § 216(b), which declares (but does not define) that only those "similarly situated" may proceed as a collective; and (2) the Supreme Court's admonition that while a district court may "facilitat[e] notice to potential plaintiffs" for case-management purposes, it cannot signal approval of the merits or otherwise stir up the litigation.

*Id*. at 434.

Through Senate Bill 47, the Ohio General Assembly passed, and Governor DeWine signed into law, legislation amending Ohio's wage and hour laws applicable to private employers. *See* Ohio Rev. Code Ann. § 4111.10(C) "Liability of employer for underpayment". The amendments became effective July 5, 2022. Among the changes were the following new requirement:

> No employee shall join as a party plaintiff in any civil action that is brought under this section by an employee, person acting on behalf of an employee, or person acting on behalf of all similarly situated employees unless that employee first gives written consent to become such a party plaintiff and that consent is filed with the court in which the action is brought.

*Id*. The effect of this change is to require than any representative action under Ohio's wage and hour laws be only brought with written consent as an "opt-in" plaintiff. In other words, Rule 23 class actions for wage and hour claims are no longer permitted under Ohio law. Likewise, "hybrid" claims, in which a Plaintiff seeks both a collective and a class action, are no longer permitted. *See* Ohio Legis. 88, Sub. S.B. No. 47 (2002) (describing the purpose of the amendment "to prohibit opt-out class actions for overtime violations.")

7

Thus, the only issue before the Court is whether Plaintiffs have met the "strong likelihood" standard necessary to send notice to the putative collective of potential opt-ins. Based on these principles, Plaintiffs cannot meet their heightened burden of demonstrating they are similarly situated because, as further detailed below, they have failed to demonstrate they are similarly situated to those they seek to send notice to by a showing "greater than the one necessary to create a genuine issue of material fact". *See Clark*, 68 F4th at 1011.

IV. **Legal Argument**

   a. <u>**The Court should reject Plaintiffs' form declarations because they are not supported by any record evidence and provide only a recitation of the conclusory allegations in the Complaint.**</u>

Pre-*Clark*, it was not uncommon for district courts to "conditionally certify collectives" based on a single affidavit or declaration if the declaration "set forth sufficient facts" tending to show that the proposed employee pool is similarly situated to the plaintiff. *Rashad v. Mason's Pro. Cleaning Serv., LLC*, No. 2:22-CV-02635, 2023 WL 5154534, at *3 (W.D. Tenn. Aug. 10, 2023) (*quoting Rembert v. A Plus Home Health Care Agency LLC*, No. 2:17-CV-287, 2018 WL 2015844, at *2 (S.D. Ohio May 1, 2018)). The level of detail needed in a single affidavit or declaration, however, is more demanding post-*Clark*. *Rashad*, 2023 WL 5154534, at *3.

*Rashad* is directly on point and describes circumstances like those before this Court. In *Rashad*, two plaintiffs filed their respective declarations, which were nearly identical. 2023 WL 5154534, at *1. The court found that the declarations relied primarily on the plaintiffs' own experiences and gave only general, vague references to the other employees. *Id*. at *3. The declarations' details were allegations found in the complaint, with sparse supporting evidence. *Id*. Applying the *Clark* standard, the court declined to issue notice based on the declarations, because

8

they did not "allege facts sufficient to support an inference that [the plaintiff] has actual knowledge about other employees' job duties, pay structures, hours worked, and whether they were paid for overtime hours." *Id*. (*quoting Foley v. Wildcat Invs., LLC,* No. 2:21-CV-5234, 2023 WL 4485571, at *3 (S.D. Ohio July 12, 2023)). Rather, the plaintiffs' declarations relayed "only their own experience with general, unspecific references to 'other employees' supplied at the end of every paragraph." *Id*. at * 3.

Here, Plaintiffs' form declarations suffer from the exact same deficiencies as the *Rashad* declarations. They repeatedly and vaguely reference "other call center workers" but do not explain how they have actual knowledge about the experiences of "other call center workers" or whether the unidentified "other call center workers" were actually paid for overtime hours. They do not even identify the computer systems they were allegedly required to log into prior to their shift without compensation. As the *Rashad* court observed, "[t]hese details were all allegations within the complaint, and the declaration does not supplement them in any way." *Id*. Merely repeating "unspecific allegations from the complaint…is not enough to warrant notice" under *Clark*. *Id*.

Plaintiffs' failure to identify the factual basis for their knowledge regarding "other call center workers" is intentional because no factual basis exists. All three Plaintiffs alleged the same copy and paste allegation that "Defendants ***never paid any of its call center workers*** time and half for ***any*** hours worked over 40 per workweek ***for work performed before the start of their shifts.***" (ECF 34-6,7, and 8, PageID #s 346, 349, and 352) (emphasis added). The legal standard, however, requires that "an affidavit…allege facts sufficient to support an inference that [the plaintiff] has actual knowledge about other employees' job duties, pay structures, hours worked, and whether they were paid for overtime hours." *Id.* at *3.

9

Here, Plaintiffs cannot (and indeed do not) allege facts sufficient to support an inference that they have actual knowledge that "Defendants *never paid any of its call center workers* time and half for *any* hours worked over 40 per workweek *for work performed before the start of their shifts*" and similar allegations. These assertions (which all three Plaintiffs made in their declarations) defy logic as the Plaintiffs cannot plausibly have actual knowledge of the work every other call center worker performed prior to the start of his or shift. In any event, the Court should, again, disregard these and similar unsupported allegations because they are not sufficient under *Clark*. *See Williams v. Premium Velocity Auto, LLC*, No. 3:23-CV-00901, 2025 WL 465311, *4 (M.D. Tenn. Feb. 11, 2025) ("[p]laintiff's declaration…sets forth conclusory, general, and unspecific references to 'other current and former employees' without identifying specific factual allegations demonstrating his actual knowledge. For example, [p]laintiff fails to identify specific instances when he observed other employees working overtime hours without compensation, the locations that he allegedly witnessed these occurrences, details regarding the operation of Defendant's timekeeping system, the job duties performed, the policies and procedures purportedly followed, the training [p]laintiff and other employees purportedly underwent, or the basis for [p]laintiff's knowledge that other employees were not being fully compensated.").

Plaintiffs' declarations are arguably insufficient even under the more lenient standard Sixth Circuits applied prior to *Clark. See O'Neal v. Emery Fed. Credit Union*, No. 1:13-CV-22, 2013, WL 4013167, at *8 (S.D. Ohio Aug. 6, 2013) ("[A] plaintiff must demonstrate…something more than mere allegations…to warrant conditional certification and the delivery of notice to potential class members."); *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 871 (S.D. Ohio 2002) (Judge Holsuch) (noting that conclusory allegations within affidavits are insufficient to satisfy a plaintiff's burden of demonstrating that others are similarly situated); *Swinney v. Amcomm*

10

*Telecommunications, Inc.*, No. 12-12925, 2013 WL 28063, at *7 (W.D. Mich., Jan. 2, 2013) ("The Court finds that Plaintiff's declaration fails to meet the fairly lenient factual standard. He has only offered conclusory allegations in support of his allegation that others [who are] similarly situated exists. Those allegations are insufficient for the Court to conditionally certify a class.").

Because Plaintiffs' form declarations are mere recitations of the vague allegations in the complaint and lack foundational basis, they are not sufficient for purposes of sending notice to the putative collective.

      b. **_Dominion's "Employee Expectations" policy is not unlawful and provides no support Plaintiffs are similarly situated to other call center workers._**

Plaintiffs' cite to Dominion's "Employee Expectations" policy as evidence that they are similarly situated and subject to a single FLSA-violating policy. (ECF 34, PageID# 300). As support, Plaintiffs refer to the following language in the policy: "[e]veryone is expected to arrive on time and available to start work at the beginning of their shift". *Id*. Requiring employees to arrive to work on time and be ready to work, of course, does not violate the FLSA. The Sixth Circuit has held "that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all plaintiffs." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).

Here, Plaintiffs have failed to meet that burden because, even if Defendants acted in conformity with Dominion's "Employee Expectations" policy, it does not serve as evidence that Defendants violated the FLSA. Rather, Plaintiffs must rely on a "unified common theory" which they have failed to do for the reasons outlined above. *See Cason v. Vibra Healthcare*, No. 10-10642, 2011 WL 1659381 (E.D. Mich. May 3, 2011) (denying pre-*Clark* motion for conditional certification where automatic meal deduction policy did not violate the FLSA). Plaintiffs have not

11

submitted evidence that they and employees of the putative collective all suffered from the same "unified common theory" depriving them of alleged overtime compensation due under the FLSA or Ohio law.

### c. *Jordan's isolated comment to Plaintiff Arble during an unrelated employee investigative interview is inconsequential.*

According to Plaintiffs, a single verbal statement made by Jordan to Plaintiff Arble during an unrelated investigation "alone" establishes a "a strong likelihood that other call center workers were subjected to the same unlawful pay schemes that are the subject of this litigation." (ECF 34, PageID# 305). Plaintiff cites no case law to support their position in this regard and again misconstrue the standard under *Clark*.

As a threshold matter, the statement is hearsay because it is an out-of-court statement made by someone other than Plaintiff Arble and offered to prove the alleged truth and existence of a company-wide scheme to not pay Plaintiffs and putative collective members overtime. See Fed. R. Civ. P. 801(c). Testimony about what happened to other employees based on hearsay cannot demonstrate that other potential collective members were similarly situated. *See Hutt v. Greenix Pest Control, LLC,* No. 2:20-CV-1108, 2023 WL 5670691 (S.D. Ohio July 12, 2023) (finding declaration was based on hearsay where plaintiff's knowledge of what other employees were paid was based on alleged statements of others); *Landsberg v. Acton Enters., Inc.,* No. C2-05-500, 2006 WL 3742221, at *4 (S.D. Ohio Dec. 15, 2006) (two affidavits based on hearsay provide no "colorable basis" for issuing notice to other employees); *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 866 (S.D. Ohio 2005) (Holschuh, J.) ("[H]earsay statements cannot be considered in connection with a Plaintiff's § 216(b) motion for the purpose of determining whether other employees are similarly situated").

12

Even if the Court determines the statement is not hearsay, it does not create a "strong likelihood" that Plaintiffs are similarly situated for purposes of meeting the *Clark* standard. Jordan interviewed Plaintiff Arble and others for suspected abuse of Dominion's leave of absence policies. At the time the statement was made, Jordan had been employed by Dominion for approximately 46 months and was not responsible for the log in or out policies or practices of Dominion's Customer Service Representatives. Nonetheless, she specifically told Plaintiff Arble during the interview that "***you're not working during your start time or before your start time – you shouldn't be***." Thus, Jordan told Arble she should not be working prior to her shift. Arble's attempts to twist Jordan's words (which, again, are hearsay) do not establish a "strong likelihood" that Plaintiffs are similarly situated to other call centers workers by a showing greater than one necessary to create a genuine issue of material fact.

**V.     Conclusion**

Plaintiffs' Motion should be denied because the form declarations they submitted are not supported by any record evidence and consist of basic recitals of the allegations in their Complaint. They also failed to establish that Domnion's "Employee Expectations" policy, which merely requires employees arrive to work on time, violates the FLSA. Finally, Jordan's single verbal comment to Plaintiff Arble (and Arble only) does not establish that Plaintiffs are similarly situated to all customer service representatives in the country, particularly considering Jordan explicitly told Plaintiff Arble during the same conversation that she should not be performing any work prior to the start of her shift.

Defendants request the Court deny Plaintiffs' Motion for Court-Facilitated Notice.

Respectfully submitted,

/s/ Samuel H. Ottinger
Rebecca J. Bennett (0069566)
Samuel H. Ottinger (0099034)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)
rebecca.bennett@ogletree.com
samuel.ottinger@ogletree.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, a copy of the foregoing *Defendant's Brief in Opposition to Plaintiff's Motion for Court-Facilitated Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. §216(b)* was electronically filed with the Clerk of Court using the CM/ECF system. Notice of filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Samuel H. Ottinger
Rebecca J. Bennett (0069566)
Samuel H. Ottinger (0099034)

*One of the Attorneys for Defendant*