PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| STEPHANIE ARBLE, *et al.,* | ) ) ) ) CASE NO. 5:24-CV-747 |
| Plaintiffs, | ) ) ) |
| v. | ) JUDGE BENITA Y. PEARSON ) |
| EAST OHIO GAS COMPANY, *dba* DOMINION ENERGY OHIO, *et al.,* | ) **MEMORANDUM OF OPINION** ) **AND ORDER** ) [Resolving ECF No. 34] ) |
| Defendants. | ) |

The Court considers Plaintiff's Amended Motion for Class Certification (ECF No. 34). The Motion is denied for the reasons herein.

## I. BACKGROUND

### A. History

Plaintiff Stephanie Arble filed a purported collective action against Defendants East Ohio Gas Company (*doing business as* Dominion Energy Ohio) on April 26, 2024. ECF No. 1. She alleges that Defendants failed to pay earned wages to her and similarly situated employees in violation of the Fair Labor Standards Act ("FLSA.") ECF No. 34 at PageID #: 297. Following a year of discovery, conferences, and motions resolution, Plaintiff (alongside opt-in Plaintiffs Cynthia Beckler and Kristi Grossholz) now move for amended class certification and Court-

(5:24-CV-747)

supervised notice under 29 U.S.C. § 216(b).  ECF No. 34.  Defendants oppose the motion;

Plaintiffs did not reply and the time to do so has passed.  ECF No. 37.

Plaintiffs seek a Court order defining their FLSA class as:

> All current and former hourly employees and those working in call center positions who were required to log on to and boot up Defendants' systems and applications prior to the start of their shifts that were employed by either Defendant at any time in the period measured from three years prior to the filing of the Complaint to the present who did not receive any compensation for hours worked over 40 hours in a workweek or overtime payment at a rate of one and one-half times their Regular Rate of Pay for all hours worked in a workweek in excess of 40 (hereinafter referred to as "SSPs" or "similarly-situated employees").

ECF No. 34 at PageID #: 295.  They also seek, *inter alia*: (1) implementation of Court-

supervised notice of their FLSA claims to the proposed class; and (2) an order requiring

Defendants to identify all potential opt-in Plaintiffs and their contact information; and (3) a 45-

day opt-in period.  ECF No. 34 at PageID ##: 295–311.

## II. LEGAL STANDARD

A person may bring an FLSA collective action on behalf of herself and those similarly

situated.[1]  *See* 29 U.S.C. § 216(b).  Those desiring to join a collective action must opt-in through

written consent.  *See Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th

Cir. 2023) (quoting *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392 (6th Cir. 2021) ("an FLSA

collective action is not representative—meaning that all plaintiffs in an FLSA action must

affirmatively choose to become parties by opting into the collective action.") (cleaned up).

District courts have discretion to supervise notice to putative members to the extent they may be

---

[1] As Plaintiff's motion seeks only opt-in notice, the Court need not determine whether putative collective action members may later proceed to trial.  *See Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

(5:24-CV-747)

"similarly situated." *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).  The

Sixth Circuit mandates a "strong likelihood" of similarity before Court-supervised notice is

appropriate.  *See Clark*, 68 F.4th at 1011 (requiring "a showing greater than the one necessary to

create a genuine issue of fact, but less than the one necessary to show a preponderance.").

Finding similarity sufficient to justify the issuance of Court-supervised notice does not, however,

presuppose eventual collective action certification; even employees who opt-in to the dispute

may later be found incapable of proceeding to trial.  *See Hoffmann-La Roche*, 493 U.S. at 171.

To establish similar situation for FLSA-purposes, a plaintiff must allege "facts sufficient

to support an inference that she has actual knowledge about other employee's job duties, pay

structures, hours worked, and whether they were paid overtime hours." *Adames v. Ruth's Hosp.*

*Grp., Inc.*, No. 1:22-CV-00036, 2024 WL 1533171, at *4 (N.D. Ohio Apr. 9, 2024) (quoting

*Foley v. Wildcat Invs., LLC*, No. 2:21-CV-5234, 2023 WL 4485571, at *3 (S.D. Ohio July 12,

2023)).  In general, employees are similarly situated when they perform the same tasks and are

subject to the same policies, *see Clark*, 68 F.4th at 1011, or when "they suffer from a single,

FLSA-violating policy" and "proof of that policy or of conduct in conformity with that policy

proves a violation as to all the plaintiffs." *O'Brien v. Ed. Donnelly Enters., Inc.*, 575 F.3d 567,

585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Edward Co. v. Gomez*, 577 U.S.

153, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016).  Court-supervised notice should not be granted

liberally, as a defendant may have varied and individualized defenses against other putative

members to render them sufficiently "dissimilar" under the FLSA.  *See Clark*, 68 F.4th at 1009–

10.

3

(5:24-CV-747)

### III. DISCUSSION

Plaintiffs contend they have submitted enough evidence "to establish a strong likelihood that there are potential opt-in plaintiffs who are similarly situated." ECF No. 34 at PageID #: 304. They support this argument with: (1) a copy of Defendant's employee expectations handbook (ECF No. 34–1 at PageID #: 313); (2) employee performance records (ECF No. 34–2 at PageID ##: 316–30); (3) employee earnings statements (ECF No. 34–3 at PageID ##: 331–38); and (4) Plaintiffs' sworn declarations (ECF Nos. 34–6 at PageID ##: 345–47; 34–7 at PageID ##: 348-60; and 34–8 at PageID ##: 351–53).[2] Defendants counter that Plaintiffs failed to meet the heightened *Clark* standard for collective notice. ECF No. 37 at PageID #: 383. Specifically, they argue that "Plaintiffs have not established by way of record evidence beyond that required to create a genuine issue of material fact that they are similarly situated to other call center workers[.]" ECF No. 37 at PageID #: 388 (cleaned up).

After reviewing the record, briefings, and relevant caselaw, the Court concludes that Plaintiffs have not established a strong likelihood that the putative collective action members are so similarly situated as to warrant Court-supervised notice. Granting this motion would amount to a "solicitation of claims" that is explicitly proscribed by the Supreme Court. *Hoffmann-La Roche*, 493 U.S. at 174.

First, Plaintiffs' sworn declarations do not meet the heightened *Clark* standard for collective action certification. *See* 68 F.4th at 1011. Their submissions lack non-conclusory evidence of: (1) the names of other similarly situated employees; (2) the dates on which

---

[2] From Plaintiffs Stephanie Arble, Cynthia Beckler, and Kristi Grossholz, respectively. Arble's declaration briefly references a conversation with Defendant's human resources representative, Kathy Jordan. That (purportedly recorded) conversation is outlined in the instant motion. ECF No. 34 at PageID #: 300.

4

(5:24-CV-747)

Plaintiffs' observed violations of those other employees' FLSA rights; (3) Plaintiffs' basis of knowledge for such allegations; and (4) why Plaintiffs' observations broadly extend to Defendants' other call centers, whether within Ohio or nationwide.  Plaintiff also fails to rationally connect Ms. Jordan's statement on employee expectations with a wholesale FLSA violation as applied to all call center employees.

Second, the employee expectations handbook is not connected to Plaintiffs' claim that putative members are so widespread and similarly situated as to warrant Court-supervised notice. They do not rationally explain how requiring employees "to arrive to work on time and be available to start work at the beginning of their shift" constitutes an FLSA-violating policy (or—even if it did—how that policy proves a violation as to all putative members, rather than Plaintiffs alone.  ECF No. 34–1 at PageID #: 314 (cleaned up); *see O'Brien*, 575 F.3d at 585. Court-supervised notice for all current and former employees "working in call center positions who were required to log on and boot up Defendants' systems prior to the start of their shifts" would pervert the narrow purpose of 29 U.S.C. § 216(b) and violate the "balance that courts have long struck in analogous circumstances." *Clark*, 68 F.4th at 1011

Finally, Plaintiffs fail to provide justification for extending notice to employees at Defendants' call centers across the country. They offer no evidence of how other call centers are even staffed or managed, let alone how such similarity should necessitate notice to all putative members.  *See Shoemo-Flint v. Cedar Fair, L.P.*, No. 3:22-CV-1113, 2023 WL 4235541, *3 (N.D. Ohio June 28, 2023) (granting defendant's motion to strike when plaintiff failed to show how plaintiff knew others were similarly situated by performing the work for similar duration). The purpose of the "similarly situated" inquiry is to "determine whether the merits of other-employee claims would be similar to the merits of the original plaintiffs' claims—so that

5

(5:24-CV-747)

collective litigation would yield efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Clark*, 68 F.4th at 1012 (quoting *Hoffmann-La Roche*, 493 U.S. at 170) (cleaned up).  It serves as a backdoor for Plaintiffs (or their counsel) to maximize the size and viability of their FLSA causes of action.

Plaintiffs have failed to provide sufficient evidence of a strong likelihood of similarly situated employees as required under 29 U.S.C. § 216(b).  Without more, neither Defendants nor the Court can be burdened with Plaintiffs' responsibilities to name and join parties to this dispute.  Notice to employees who are not eligible to join this litigation would amount to claim solicitation that the Court declines to undertake.  *See Clark*, 68 F.4th at 1010 (citing *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021)).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Motion for Class Certification (ECF No. 34) is denied.  The case will proceed with Stephanie Arble, Cynthia Beckler, and Kristi Grossholz as named Plaintiffs.


IT IS SO ORDERED.


| November 3, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |